NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

TIMOTHY ADAMS,

        Petitioner,

        v.

WARDEN SCHULTZ,

        Respondent.

Civil No. 06-3756 (NLH)

OPINION

APPEARANCES:

    TIMOTHY ADAMS, Petitioner pro se
    #42380-019
    F.C.I. Fairton
    P.O. Box 420
    Fairton, New Jersey 08320

HILLMAN, District Judge

This matter is before the Court on the petition of Timothy Adams ("Adams") for habeas corpus relief under 28 U.S.C. § 2241, challenging his federal sentence as imposed by this Court on October 28, 2003. Adams also filed a request for an evidentiary hearing, an application for discovery, and an amendment to his petition. For the reasons set forth below, the Court will dismiss the petition and amended petition for lack of

jurisdiction, and his requests for an evidentiary hearing and discovery will be dismissed as moot.[1]

## I. BACKGROUND

The following facts are taken from the petition, amended petition, and petitioner's attachments, and are assumed true for purposes of this decision.

On April 13, 1995, Adams was convicted on charges of conspiracy to distribute and to possess with the intent to distribute cocaine base ("crack"), before the United States District Court for the Middle District of North Carolina.[2] On August 2, 1995, Adams was sentenced to a term of life imprisonment. He appealed his conviction and sentence, arguing that (1) there was insufficient evidence; (2) the evidence was erroneously admitted; (3) the statute and guidelines employed were unconstitutional; and (4) the sentence violated his rights under the Eighth Amendment. The United States Court of Appeals for the Fourth Circuit affirmed Adams' conviction and sentence. United States v. Adams, 103 F.3d 120 (4th Cir. 1996)(Table)

---

[1] Petitioner also filed an application to proceed in forma pauperis. Based on his affidavit of indigency and certified prison account balance, the Court will grant petitioner's application and permit him to proceed in forma pauperis in this matter.

[2] Adams states that the charges were based on activity, meetings, and transactions alleged to have occurred from late 1989 to November 1994. The named co-conspirators were Patrick "PZ" Harvey and Tyrone "Fly Ty" Smith.

2

(unpublished opinion at 1996 WL 721890). The United States Supreme Court denied certiorari in February 1997. <u>Adams v. United States</u>, 520 U.S. 1180 (1997).

On November 26, 1997, Adams filed a <u>pro se</u> motion to vacate, set aside or correct his sentence, pursuant to 28 U.S.C. § 2255. He raised the following arguments: (1) his trial counsel was ineffective for failing to disclose a conflict of interest, failing to adequately cross-examine witnesses, failing to call witness on Adams' behalf, failing to object to sentencing errors, advising Adams not to testify at trial, and failing to conduct an adequate pretrial investigation; and (2) prosecutorial misconduct for permitting witnesses to give false testimony at trial, failing to disclose impeachment information, and failing to report negotiations with Adams' attorney that were against Adams' interest. On August 24, 1998, the United States Magistrate Judge filed a Report and Recommendation recommending that the § 2255 motion be summarily dismissed. Adams filed objections to the Report and Recommendation, as well as a motion to expand the record and hold an evidentiary hearing. On January 27, 1999, the District Court denied Adams' application for relief under § 2255, and denied the motion for an evidentiary hearing as moot. Adams appealed. The Fourth Circuit denied a certificate of appealability, and the appeal dismissed on June 24, 1999. <u>United States v. Adams</u>, 182 F.3d 910 (4th Cir. 1999)(Table).

Thereafter, Adams filed several motions. On November 2, 1999, he filed a motion under Fed.R.Civ.P. 60(b). On January 14, 2000, he filed a motion to amend his pleadings. On May 15, 2000, Adams filed a motion to take judicial notice. On August 22, 2000, he filed a motion to set a hearing. On September 27, 2000, Adams filed a motion for a writ of mandamus.

On November 1, 2000, the court denied the motion to amend the pleadings, the motion to take judicial notice, the motion to set a hearing, and the motion for judgment. On December 19, 2000, the district court denied Adams' Rule 60(b) motion. Adams appealed to the Fourth Circuit, and the Court of Appeals affirmed the district court's decision.

A search of the docket in this District Court reveals that Adams has filed several actions in this district challenging his conviction. In 2005, Adams filed a Complaint for Independent Action, asserting jurisdiction under 28 U.S.C. § 1331, in which he alleged that trial counsel's affidavit in his § 2255 proceeding amounted to a fraud on the District Court for the Middle District of North Carolina. Adams v. United States, Civil No. 05-1677 (RBK). The Honorable Robert B. Kugler held that the district court lacked jurisdiction to re-open or vacate the judgment, for fraud on the court, in a matter pending in another federal district court, citing Stewart v. Johnston, 97 F.2d 548 (9th Cir. 1938), cert. denied, 312 U.S. 677 (1941) (federal

district court in district of confinement has no authority in habeas corpus matters to review the action of the district court in which the petitioner was convicted or to issue writs of certiorari to that court). However, pursuant to its duty to construe pro se pleadings liberally, Judge Kugler construed the complaint as a § 2241 habeas petition, and then dismissed the action for lack of jurisdiction as an impermissible second or successive § 2255 motion.

Adams thereafter filed a § 2241 petition on or about March 29, 2006, see Adams v. Miner, Civil No. 06-1477 (RBK), in which he challenged the very same conviction at issue in the present case on similar grounds. That case also was assigned to Judge Kugler, who again dismissed the § 2241 petition for lack of jurisdiction, finding that petitioner demonstrated no exception to the gate-keeping requirements of § 2255 as set forth in In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997).

Adams now files this third action under 28 U.S.C. §2241, claiming that relief under § 2255 is inadequate and ineffective. In particular, he asserts that he is actually innocent of the crimes for which he was convicted. Adams bases this claim on several arguments; namely, (a) prosecutorial misconduct, in that the Government used allegedly perjured testimony of witnesses at trial regarding certain dates of the charged conspiracy and drug transactions, and (b) ineffective assistance of counsel, alleging

that his attorney had a conflict of interest and failed to strenuously cross-examine a witness,[3] that his attorney failed to advise Adams that Adams had the right to make the final decision as to whether to testify at trial, and generally, that his counsel was ineffective in investigating the case and cross-examining witnesses. Adams essentially claims that his trial was "filled with falsehoods from beginning to end."

## II. ANALYSIS

### A. Sua Sponte Dismissal

"Habeas corpus petitions must meet heightened pleading requirements." McFarland v. Scott, 512 U.S. 849, 856 (1994). A petition must "specify all the grounds for relief" and set forth "facts supporting each of the grounds thus specified." See 28 U.S.C. § 2254 Rule 2(c) (amended Dec. 1, 2004), applicable to § 2241 petitions through Habeas Rule 1(b).

A court presented with a petition for writ of habeas corpus "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled there." 28 U.S.C. § 2243. Thus,

---

[3] Adams alleges that, in August 1999, new evidence from petitioner's private investigator came to light after his direct appeal was completed. This evidence showed that Adams' counsel represented a witness, Ms. Jetter, in her criminal matter, confirming a conflict of interest. This Court notes that this "new evidence" was known to Adams before he filed his § 2255 motion, and apparently was referenced in his § 2255 proceedings.

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland, 512 U.S. at 856; see also United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025.

B.  Petitioner's Claims

Section 2241 of Title 28 of the United States Code provides in relevant part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless- . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

As a result of the practical difficulties encountered in hearing a challenge to a federal sentence in the district of confinement rather than the district of sentence, in its 1948 revision of the Judicial Code, Congress established a procedure whereby a federal prisoner might collaterally attack his sentence in the sentencing court.[4]  See 28 U.S.C. § 2255; Davis v. United

---

[4] The addition of 28 U.S.C. § 2255 was deemed necessary because a § 2241 petition must be filed in the district where the prisoner is confined and "the few District courts in whose territorial jurisdiction major federal penal institutions are located were required to handle an inordinate number of habeas corpus actions far from the scene of the facts . . . solely because of the fortuitous concentration of federal prisoners within the district." United States v. Hayman, 342 U.S. 205, 213-14 (1952).

7

States, 417 U.S. 333, 343-44 (1974); United States v. Hayman, 342 U.S. 205, 219 (1952). Section 2255 provides in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255, ¶ 1.

"Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). This is because § 2255 expressly prohibits a district court from entertaining a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is "inadequate or ineffective" to test the legality of the petitioner's detention.[5] See 28 U.S.C. § 2255. Specifically, paragraph five of § 2255 provides:

---

[5] The "inadequate or ineffective" language was necessary because the Supreme Court held that "the substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention does not constitute a suspension of the writ of habeas corpus." Swain v. Pressley, 430 U.S. 372, 381 (1977).

8

> An application for a writ of habeas corpus
> [pursuant to 28 U.S.C. § 2241] in behalf of a
> prisoner who is authorized to apply for
> relief by motion pursuant to this section,
> shall not be entertained if it appears that
> the applicant has failed to apply for relief,
> by motion, to the court which sentenced him,
> or that such court has denied him relief,
> unless it also appears that the remedy by
> motion is inadequate or ineffective to test
> the legality of his detention.

28 U.S.C. § 2255, ¶ 5; see Cradle v. U.S. ex rel. Miner, 290 F.3d 536 (3d Cir. 2002); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997).

A § 2255 motion is inadequate or ineffective, authorizing resort to § 2241, "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle, 290 F.3d at 538. "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Id. "Section 2255 is not 'inadequate or ineffective' merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." Id. at 539.

The United States Court of Appeals for the Third Circuit has recognized that, under certain very rare situations, a prisoner who cannot satisfy the gate-keeping requirements of § 2255 should be permitted to proceed under § 2241, which has neither a limitations period nor a proscription against filing successive petitions. See Dorsainvil, 119 F.3d at 251. The Dorsainvil exception, which addresses what makes a § 2255 motion "inadequate and ineffective," is satisfied only where petitioner "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." 119 F.3d at 251. The court emphasized, however, that its holding was not intended to suggest that § 2255 would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent limitations or gatekeeping requirements of § 2255. Id. To the contrary, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in Dorsainvil because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all. Id. at 251-52.

Here, Adams attempts to argue that he is entitled to habeas relief under § 2241 because he is actually innocent of the charges for which he was convicted. A claim of "actual

innocence" relates to innocence in fact, not innocence based on a legal, procedural defect.[6] A petitioner must present evidence of innocence so compelling that it undermines the court's confidence in the trial's outcome of conviction; thus, permitting him to argue the merits of his claim. A claim of actual innocence requires a petitioner to show (1) new reliable evidence not presented at trial establishing, and (2) that it is more likely than not that no reasonable juror would have convicted the petitioner in the light of the new evidence. House v. Bell, __ U.S. __, 126 S.Ct. 2064, 2077, 165 L.Ed.2d 1 (2006); Schlup v. Delo, 513 U.S. 298, 324, 327 (1995). Further, the Supreme Court, in House, emphasized that the gateway standard for habeas review in claims asserting actual innocence is demanding and permits review only in the "extraordinary" case. House, 126 S.Ct. at 2077 (citing Schlup, 513 U.S. at 327).

---

[6] Before AEDPA, the Supreme Court held that a petitioner otherwise barred from filing a successive § 2255 motion "may have his federal constitutional claim considered on the merits if he makes a proper showing of actual innocence." Herrera v. Collins, 506 U.S. 390, 404 (1993). This rule, the fundamental miscarriage of justice exception, is only granted in extraordinary situations, such as where it is shown that the constitutional violations probably resulted in the conviction of one who is actually innocent. Id.; McClesky v. Zant, 499 U.S. 467, 494 (1991). The "claim of actual innocence is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." Herrera, 506 U.S. at 404.

In this case, Adams' claim of "actual innocence" is based principally on the allegedly perjured testimony of several witnesses during trial concerning inconsistencies in certain dates when drug transactions or conspiracy activity occurred.[7] Adams admits that some of these alleged discrepancies were revealed at trial, but no conclusive documentary proof was submitted by counsel.[8] However, these allegations of innocence and the documentary proof claimed by Adams are not "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense." 28 U.S.C. § 2255, ¶ 8(1). Nothing precluded Adams from raising any of these claims, including the alleged claim of actual innocence, on appeal or in a timely § 2255. In fact, it is apparent from the petition, and attachments, that Adams raised most of these claims on direct appeal, in his § 2255 motion, and in numerous other post-conviction proceedings, including a Rule 60(b) motion.

---

[7] These discrepancies had to do with dates he supposedly dealt with the witness and co-conspirator Tyrone Smith. Adams claims he was in jail at the time. Another instance involves meetings supposedly occurring at Smith's house in 1989. Adams claims that Smith's mother did not transfer the house to Smith until July 1991.

[8] Adams claims that the discrepancies could have been proven if counsel had obtained employment records, prison and jail records, hospitalization records, deed transfer with respect to Tyrone Smith's house, etc. See Petition at pp. 29-36.

Moreover, Judge Kugler already has determined on two occasions, in which Adams raised similar grounds for relief, that petitioner has no recourse under § 2241 to challenge his conviction. In an earlier action, Adams v. United States, Civil No. 05-1677 (RBK), Judge Kugler found that Adams was challenging the factual and legal conclusions reached by the District Court for the Middle District of North Carolina, in a previous § 2255 motion, conclusions that previously were the subject of direct appeal and multiple post-judgment motions for reconsideration. Judge Kugler held that Dorsainvil does not provide an avenue to test such claims in a § 2241 petition following an unsuccessful § 2255 motion, and that Adams had failed to demonstrate that the alleged errors amounted to the sort of "complete miscarriage of justice" that would justify application of the safety-valve language of § 2255 rather than its gatekeeping requirements.

Most recently, in Adams v. Miner, Civil No. 06-1477 (RBK), Judge Kugler found that the Dorsainvil exception, which is extremely narrow, was inapplicable to petitioner, because Adams made no argument that the conduct for which he was convicted is no longer criminal due to an intervening change in the law.

Likewise, in this case, Adams does not present any argument to show the Court that resort to § 2255 is inadequate or ineffective. He cites no intervening change in the law that renders non-criminal the crimes for which he was convicted. He

13

also fails to demonstrate that the trial errors asserted here, by the prosecutor and defense counsel, amount to the sort of "complete miscarriage of justice" that would justify application of the safety-valve language of § 2255 rather than its gatekeeping requirements. In fact, Adams has sought relief from his conviction based on similar arguments in prior post-conviction proceedings in the United States District Court for the Middle District of North Carolina. His claim of actual innocence is illusory and based on arguments previously tested and rejected by the courts numerous times. Therefore, this Petition must be considered a second or successive motion under § 2255, which Adams has not received authorization to file, and over which this Court lacks jurisdiction.[9]  28 U.S.C. § 2255.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in

---

[9] Although this Court is reclassifying the petition as a § 2255 motion, no Miller notice and order is necessary to afford Adams an opportunity to raise additional § 2255 grounds. The purpose of the Third Circuit's decision in United States v. Miller, 197 F.3d 644 (3d Cir. 1999), was to provide fair warning to petitioners whose petitions were being recharacterized as § 2255 motions so that they could ensure that all their claims were fully raised in a single all-encompassing § 2255 petition. Such warning, the Miller court reasoned, is necessary because petitioners will thereafter be unable to file "second or successive" § 2255 petitions without certification by the Court of Appeals. Because Adams in this case has already filed a § 2255 motion which was addressed by the sentencing Court, and because the current petition is itself "second or successive," no purpose would be served by a Miller notice.

which the action ... could have been brought at the time it was filed." 28 U.S.C. § 1631.

Because Adams indicates that the Court of Appeals for the Fourth Circuit has had numerous opportunities to consider the evidence and claims he now presents as proof of his "actual innocence," and because Adams fails to allege any of the predicate grounds permitting a second or successive § 2255 motion,[10] this Court finds that it would not be in the interests of justice to transfer this Petition to the United States Court of Appeals for the Fourth Circuit. Accordingly, this Petition must be dismissed.

### III. CONCLUSION

For the reasons set forth above, the petition and amended petition will be dismissed with prejudice for lack of

---

[10] One of Adams' claims is based on "new evidence" concerning Ms. Jetter's affidavit (relating to the conflict of interest claim and counsel's failure to fully cross-examine witnesses). Because the Jetter affidavit was presented to the District Court for the Middle District of North Carolina in post-conviction collateral proceedings, this Court does not construe this petition as alleging newly discovered evidence. Moreover, to the extent the affidavit could be construed as newly-discovered evidence, Ms. Jetter states in her affidavit that in her interview with law enforcement personnel she stated that she knew Adams, she had only met him a couple of times, and she was unable to tell them anything more about Adams. Thus, Adams fails to allege that the Jetter affidavit, even if it could be construed as newly-discovered evidence, is evidence that "if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense." 28 U.S.C. § 2255.

jurisdiction.  Petitioner's applications for an evidentiary hearing and discovery are dismissed as moot.  An appropriate order follows.

*Noel C. Hillman*
NOEL L. HILLMAN
United States District Judge

Dated: